```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MILDRED GUY and LYNETTE GUY

                    Plaintiffs,

        - against -

THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD CONNECTICUT
A/K/A TRAVELERS INSURANCE AND US
BANK HOME MORTGAGE,

                    Defendants.
------------------------------------------------------------- x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 22 2020 ★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

1:18-CV-02620 (RJD)(RLM)



DEARIE, District Judge:

Plaintiff Lynette Guy ("Plaintiff")[1] brings this suit *pro se* against The Automobile Insurance Company of Hartford Connecticut ("Travelers") and U.S. Bank Home Mortgage ("U.S. Bank") (collectively, "Defendants") for claims related to water damage in Plaintiff's residence. Plaintiff sues for breach of contract, bad faith, negligence, contribution and indemnification, deceptive business practices, violation of the National Flood Insurance Act ("NFIA"), civil conspiracy, failure to train and conspiracy under 42 U.S.C. § 1983 and § 1985, discrimination under the Fair Housing Act ("FHA") and Equal Credit Opportunity Act ("ECOA"), and intentional and negligent infliction of emotional distress. Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Travelers also seeks a declaration that it has no further obligation to Mildred and Lynette Guy in connection with a February 2014 property damage claim under an insurance policy issued by Travelers to Mildred Guy. Plaintiff has not filed opposition papers. Defendants' motions to dismiss are granted, and Travelers' motion for declaratory judgment is granted in part.

---

[1] Plaintiff Mildred Guy has passed away since filing this suit.

## BACKGROUND

Travelers issued to Mildred Guy a homeowner's insurance policy ("Policy" or "Contract") for the premises located at 115-17 174th Street in St. Albans, New York ("Property"). Travelers Mot., ECF No. 36, Mem. at 1, Ex. A. In December 2007, Mildred Guy executed a mortgage and conveyed a security interest in the Property. U.S. Bank Mot., ECF No. 38, Mem. at 2, Ex. B. The mortgage was assigned to U.S. Bank in August 2013. Id. at Ex. C. Plaintiff alleges that from February 8, 2014 onward, her residence[2] was "plagued with water damages, toxic mold, fungus, dust, crumbling plaster, dilapidated ceiling and walls," to the point of being uninhabitable. First Amended Compl., ECF No. 13, ¶¶ 5, 8 ("FAC" or "Complaint"). Plaintiff claims that the Property sustained over $150,000 worth of water damage, and she and Mildred Guy spent over $50,000 in repairs. Id. ¶¶ 6-7. Plaintiff alleges that Travelers[3] provided "partial payments for the water damage" totaling $26,000 but Defendants withheld further compensation "act[ing] under the guise that more documentations and proofs were needed." Id. ¶¶ 6, 8. Travelers responds that it investigated water damage caused by a pipe that froze on February 8, 2014 ("Loss") and issued payments in 2014 for damages and expenses stemming from the Loss. Travelers Mem. at 1, 3; Simmons Aff., ECF No. 36-2, ¶ 3. Travelers filed copies of checks issued in 2014 to Mildred Guy totaling $99,539.88. Ex. C, ECF No. 36-6.[4]

---

[2] Plaintiff does not identify the address of the damaged residence. The Court understands it to be the Property.
[3] The Complaint is ambiguous as to which Defendant issued payment, but the Court understands it to be Travelers.
[4] In deciding a motion to dismiss, the Court is generally "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). The Court may also "consider [a document] where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (quotations omitted). Because the mortgage documents and Policy form the basis of Plaintiff's liability claims and relationship with the Defendants, the Court may consider these documents. The Court declines to consider the checks submitted by Travelers, as Plaintiff's reliance on them is not clear. See id. at 154 ("[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." (citations omitted)).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 472 (2d Cir. 2009) (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the nonmovant is "given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000).

Additionally, "submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). "However, the Court 'cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations,' and '*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.'" GemShares, LLC v. Kinney, 2017 WL 2559232, at *7 (S.D.N.Y. June 2, 2017) (quoting Triestman, 470 F.3d at 477).[5]

---

[5] Notwithstanding that Plaintiff's Complaint was drafted by counsel prior to his withdrawal, see ECF No 29, the Court liberally construes all of her filings as she now proceeds *pro se*.

## ANALYSIS

*A. Plaintiff's claims against Travelers are contractually time barred.*

The Policy between Travelers and Plaintiff states: "Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage." Ex. A-1, ECF No. 36-4, at 4. "[C]ourts interpreting New York insurance contracts routinely dismiss insureds' claims as time-barred, based on limitations clauses . . . if the action is commenced more than two years from the . . . physical event." Classic Laundry & Linen Corp. v. Travelers Cas. Ins. Co. of Am., 2017 WL 4350610, at *5 (S.D.N.Y. June 30, 2017), aff'd, 739 F. App'x 41 (2d Cir. 2018) (collecting sources). Because Plaintiff's claims relate to a Loss sustained on February 8, 2014—nearly four years prior to her filing this suit on December 28, 2017—her claims against Travelers must be dismissed under the limitations clause.

*B. Plaintiff fails to assert factual allegations supporting any claims against U.S. Bank.*

Plaintiff's Complaint is devoid of factual allegations related to U.S. Bank. It relays no information about U.S. Bank's relationship with Plaintiff, U.S. Bank's allegedly improper conduct, or what claims are directed at U.S. Bank. For this reason and those described below, Plaintiff's claims against U.S. Bank are dismissed.

*C. Plaintiff does not sufficiently allege breach of contract by U.S. Bank (Count I).*

Plaintiff does not allege that U.S. Bank was a party to the Policy or otherwise obligated to repair the water damage. See Dee v. Rakower, 112 A.D.3d 204, 208-09 (2d Dep't 2013) ("The essential elements for pleading a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach."). Any breach of contract claim against U.S. Bank must be dismissed.

*D. Plaintiff does not sufficiently allege bad faith (Count II).*

Plaintiff alleges that Defendants acted in bad faith by "fail[ing] to honor [their] obligations to the plaintiff[] under the policy of insurance" and failing to issue an unambiguous insurance contract that provides adequate coverage. FAC ¶¶ 36, 38. "Plaintiff's claim for bad-faith conduct in handling insurance claims is not legally-cognizable under New York law." Polidoro v. Chubb Corp., 354 F. Supp. 2d 349, 352 (S.D.N.Y. 2005); see also Endemann v. Liberty Ins. Corp., 390 F. Supp. 3d 362, 381 (N.D.N.Y. 2019) (quoting Zawahir v. Berkshire Life Ins. Co., 22 A.D.3d 841, 842 (2d Dep't 2005) ("In New York, '[t]here is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance contract.'"). Plaintiff also does not allege which Policy provisions are ambiguous or inadequate and how that constitutes bad faith. This claim is dismissed.

*E. Plaintiff's tort claims fail as they are based on contractual duties (Counts III, IV, XIII).*

Plaintiff alleges that Defendants were negligent in failing to maintain the premises and fully compensate Plaintiff for the damage and breached their contract causing intentional and negligent infliction of emotional distress. FAC ¶¶ 40, 46, 104-06. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 389 (N.Y. Ct. App. 1987) (citations omitted). Plaintiff does not allege, and the Court cannot identify, any duty owed by Travelers to Plaintiff to remedy the Property independent of its contractual commitments under the Policy. There is also no indication of any duty owed by U.S. Bank to rectify the water damage.

Plaintiff fails to state a claim for intentional infliction of emotional distress ("IIED"). "IIED[] is an extremely disfavored cause of action. To prevail, plaintiff must prove extreme and outrageous conduct that transcends all bounds of decency, and that is regarded by civilized

5

society as atrocious and utterly intolerable. Nothing that is alleged against [Defendants] comes anywhere close to meeting that standard." Durant v. A.C.S. State & Local Sols. Inc., 460 F. Supp. 2d 492, 499 (S.D.N.Y. 2006) (citing Marley v. Ibelli, 203 F. Supp. 2d 302, 311 (S.D.N.Y. 2001)). Plaintiff's tort claims are dismissed.

*F. Plaintiff cannot state a claim for indemnification or contribution (Counts VI, VII).*

Plaintiff seeks from Defendants "indemnification as a result [of] bad faith refusal to cover coverage and their resultant losses" and "contribution for all . . . expenses as a result of their failure to fully compensate [Plaintiff]." FAC ¶¶ 59, 62. "[I]ndemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party. The party seeking indemnification must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought, and must not have committed actual wrongdoing itself." Bd. of Managers of Olive Park Condo. v. Maspeth Properties, LLC, 170 A.D.3d 645, 647 (2d Dep't 2019) (quotations and citations omitted). Plaintiff does not identify any payment she was obligated to make to a third party due to Defendants' wrongdoing.

Contribution is also inapplicable because Plaintiff cannot allege a "violat[ion of] a legal duty independent of that created by the [C]ontract." Barbagallo v. Marcum LLP, 2012 WL 1664238, at *11 (E.D.N.Y. May 11, 2012) (quotations omitted). "[S]ome form of tort liability is a prerequisite to application of the [New York contribution] statute. Parties may not seek contribution for purely economic loss resulting from a breach of contract, since this does not constitute 'injury to property.'" Id. (quoting Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley, 71 N.Y.2d 21, 23-24 (N.Y. Ct. App. 1987). Furthermore, contribution is appropriate where responsibility must be apportioned between multiple tortfeasors who are jointly liable to an injured party, which is not the case here. See Westchester

Cty. v. Welton Becket Assocs., 102 A.D.2d 34, 46 (2d Dep't 1984), aff'd, 66 N.Y.2d 642, 485 N.E.2d 1029 (N.Y. Ct. App. 1985).

*G. Plaintiff does not satisfy the elements of New York General Business Law ("GBL") § 349 (Count VIII).*

GBL § 349(a) prohibits certain unfair or deceptive business practices. In order to succeed on a GBL claim, "a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (citations omitted). Plaintiff must show "that the acts or practices have a broader impact on consumers at large." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25 (N.Y. Ct. App. 1995). Plaintiff does not allege what acts by the Defendants were deceptive, how they were materially misleading, any broad consumer impact, or a resultant injury. In short, "[p]rivate contract disputes [such as this] . . . would not fall within the ambit of the statute." Id. See also Maurizio, 230 F.3d at 521.

*H. Plaintiff's claims related to flood insurance are inapplicable to her homeowner's insurance policy (Count IX).*

Plaintiff's claim for violation of the National Flood Insurance Act and related regulations fails because the Policy is not a flood insurance policy. The Policy, in addition to more detailed contractual language excluding "flood" from coverage, is accompanied by a clear notice stating: "Your Homeowners policy DOES NOT cover flood loss to your home and contents." Ex. A-1, ECF No. 36-4 at 3, 21. Count IX is dismissed.

*I. Plaintiff cannot state a claim for civil conspiracy (Count X).*

"New York does not recognize civil conspiracy to commit a tort as an independent cause of action; rather, such a claim stands or falls with the underlying tort." Hebrew Inst. for Deaf & Exceptional Children v. Kahana, 57 A.D.3d 734, 735 (2d Dep't 2008) (citing Salvatore v.

7

Kumar, 45 A.D.3d 560, 563-64 (2d Dep't 2007)). "[W]here there is an underlying tort, the elements of civil conspiracy are: (1) the corrupt agreement between two or more persons, (2) an overt act, (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damages." In re Allou Distributors, Inc., 379 B.R. 5, 36 (Bankr. E.D.N.Y. 2007) (quoting Pope v. Rice, 2005 WL 613085, at *13 (S.D.N.Y. 2005)) (quotations omitted). Plaintiff fails to proffer facts supporting an underlying tort claim against Defendants, let alone the existence of a corrupt agreement among Defendants. This claim is dismissed.

*J. Plaintiff fails to state claims under Sections 1983 and 1985 (Count XI).*

Plaintiff alleges that Defendants deprived her of constitutional rights by failing to educate, train, and supervise employees in processing water damage claims under 42 U.S.C. § 1983, and that Defendants' officers engaged in a conspiracy to deprive Plaintiff of her rights in violation of 42 U.S.C. § 1985. See FAC ¶¶ 80-85. "Section 1983 governs civil rights actions against a person acting under color of state law" who deprives another of constitutional rights. Pleasure Island, Inc. v. City of New York, 2013 WL 2311837, at *4 (E.D.N.Y. May 24, 2013). "Private conduct is simply beyond the reach of [S]ection 1983 no matter how discriminatory or wrongful that conduct may be." Netti v. Ayers, 2017 WL 7542494, at *13 (N.D.N.Y. Oct. 5, 2017), *report and recommendation adopted*, 2018 WL 813509 (N.D.N.Y. Feb. 9, 2018) (quotations omitted). Because Defendants are "private entit[ies], and there are absolutely no allegations that would establish a conspiracy with state officials or any other allegations establishing state action," Plaintiff's Section 1983 claim is dismissed. Id. at 14.

Plaintiff's Section 1985 claim also fails. Such a claim requires "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in [her] person or property

8

or deprived of any right of a citizen of the United States. Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087-88 (2d Cir. 1993) (quoting United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983)). Plaintiff does not plead sufficient facts to support the existence of a conspiracy or that any alleged claim denial was motivated by discriminatory animus.

*K. Plaintiff offers nothing to support discrimination under the FHA and ECOA (Count XII).*

Plaintiff alleges that Defendants violated the FHA and ECOA by maintaining policies and practices that adversely impacted African Americans. FAC ¶¶ 87-91, 97-99. She fails to state a claim as to both.

To state a disparate impact claim under the FHA, a plaintiff must allege "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." Mhany Mgmt., Inc. v. Cty. of Nassau, 819 F.3d 581, 617 (2d Cir. 2016) (quotations omitted). To state a disparate impact claim under the ECOA, "a plaintiff must identify a specific policy or practice which the defendant has used to discriminate and must also demonstrate with statistical evidence that the practice or policy has an adverse effect on the protected group." Germain v. M & T Bank Corp., 111 F. Supp. 3d 506, 526 n.10 (S.D.N.Y. 2015) (quoting Powell v. Am. Gen. Fin., Inc., 310 F. Supp. 2d 481, 487 (N.D.N.Y. 2004)). Plaintiff does not identify any specific policy or practice by Defendants nor adverse impact on African Americans. Construing Plaintiff's claims broadly, nothing supports a disparate treatment claim either. Indeed, Mildred Guy was granted a mortgage by U.S. Bank's predecessor in interest, issued an insurance policy by Travelers, and received, by Plaintiff's admission, compensation in response to her insurance claim. See FAC ¶ 6.

*L. Travelers' claim for declaratory relief is granted based on the limitations clause.*

Travelers seeks a declaration that it has no obligation to Mildred and Lynette Guy in connection with the Loss. This motion is granted to the extent that future claims based on the Loss would be barred by the Policy's two-year limitations clause. The Court cannot and does not determine whether Travelers' payment fully covers the Loss amount, given Plaintiff's contention that the Property sustained over $150,000 worth of damage and the Court's inability to consider on a motion to dismiss the checks submitted by Travelers.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted and Travelers' motion for declaratory relief is granted in part.

SO ORDERED.

Dated: Brooklyn, New York
January 2/, 2020

s/Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge